**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4017**

UNITED STATES OF AMERICA,

Plaintiff- Appellee,

versus

HERMAN LAMARK HUNTER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:03-cr-00224)

Submitted: September 19, 2007      Decided: October 25, 2007

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David Q. Burgess, LAW OFFICE OF DAVID Q. BURGESS, Charlotte, North Carolina, for Appellant. Amy E. Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herman Lamark Hunter was convicted by a jury of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000), and possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(B); 851 (West 1999 & Supp. 2007). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), claiming there are no meritorious issues for review, but offering for the court's consideration whether the district court erred in admitting evidence that a confidential informant purchased drugs at 1529 Duckworth and evidence of Hunter's prison identification card. In addition, counsel raises for consideration whether the court erred in admitting a statement by a non-testifying person encouraging Hunter to tell police that the drugs were his and whether the court plainly erred in permitting evidence that Hunter hit his girlfriend. Hunter was given the opportunity to file a pro se supplemental brief, but declined. We have reviewed the record and find no error. Accordingly, we affirm.

We review the district court's evidentiary rulings for an abuse of discretion. United States v. Cooper, 482 F.3d 658, 662-63 (4th Cir. 2007). Testimony that a search warrant was acquired after a confidential informant purchased crack cocaine at Hunter's residence was admissible because it was relevant background information as to why the officers searched the residence. United

- 2 -

States v. Love, 767 F.2d 1052, 1063 (4th Cir. 1985).  The probative value of the evidence was not substantially outweighed by its prejudicial effect.  See Fed. R. Evid. 404(b).  The evidence supporting the convictions was overwhelming.  The district court did not abuse its discretion in admitting evidence of Hunter's prison identification card.  It was stipulated that Hunter was a convicted felon.  Thus, the fact that Hunter was actually an inmate at one time did not unfairly prejudice his case.  Furthermore, the court instructed the jury on the limited purpose for which the evidence was to be used.  See United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997).  We further find testimony that a person was overheard telling Hunter to admit the drugs were his was harmless.

With respect to testimony that Hunter may have hit his girlfriend, we find due to the weight of the evidence, Hunter's substantial rights were not affected.  United States v. Olano, 507 U.S. 725, 732-37 (1993).

We also find there was substantial evidence supporting the convictions.  In addition we find no error at sentencing and Hunter's sentence within the advisory guidelines was reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Hunter's conviction and sentence.  This court requires counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for

further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED